**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MARK and NICOLE JOHNSON**<br>**Plaintiffs,** | * | **CIVIL ACTION** |
| | * | **NO.:** |
| **VERSUS** | * | **DIST. JUDGE:** |
| **HOME DEPOT U.S.A., INC.,**<br>**ALEX JONES and**<br>**SOUTHEASTERN FREIGHT LINES, INC.**<br>**Defendants.** | * | **MAGISTRATE:** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

Defendant, Southeastern Freight Lines, Inc. ("SEFL") hereby removes the action captioned "*Mark and Nicole Johnson v. Home Depot U.S.A., Inc., Alex Jones, and Southeastern Freight Lines, Inc.*" bearing case number 2025-04862 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support of this notice of removal, SEFL pleads the following grounds:

I.

On May 15, 2025, this civil action was filed by Plaintiffs, Mark and Nicole Johnson (collectively "Plaintiffs"), in the Civil District Court for the Parish of Orleans, bearing docket number 2025-04862, and captioned "*Mark and Nicole Johnson v. Home Depot U.S.A., Inc., Alex Jones, and Southeastern Freight Lines, Inc.*," *See* Declaration of Counsel, attached hereto as **Exhibit A**; *see also* **Exhibit B**, Petition for Damages.

II.

In his Petition, Mark Johnson alleges he purchased 52 square yards of linoleum flooring from Home Depot on May 4, 2024. *See* **Exhibit B**, Petition at ¶4. He alleges that on May 17, 2024,

defendant, Alex Jones, delivered linoleum flooring to Plaintiffs' property in Orleans Parish and that he sustained injuries while helping Alex Jones carry the linoleum into the apartment. *See* **Exhibit B**, Petition at ¶¶ 8, 11.

## COMPLETE DIVERSITY EXISTS

III.

Plaintiffs allege in the Petition that they were, at the time of the filing of this action, domiciled in the State of Mississippi. *See* **Exhibit B**, Petition.

IV.

Defendant, SEFL, was at the time of filing of this action and still is, a foreign entity incorporated under the laws of South Carolina, with its principal place of business in Lexington, South Carolina. Therefore, SEFL is a citizen of South Carolina. *See* **Exhibit A**, Declaration of Counsel.

V.

Defendant, Home Depot U.S.A., Inc. ("Home Depot") was at the time of the filing, a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Thus, Home Depot is a citizen of the states of Delaware and Georgia. *See* **Exhibit A**, Declaration of Counsel.

VI.

Plaintiff names "Alex Jones" as defendant in this matter, alleging that he is a resident of Orleans Parish. *See* **Exhibit B**, Petition at ¶1.

VII.

As the Plaintiffs are domiciled in Mississippi and the named defendants, SEFL, Home Depot, and Jones, are domiciled in states other than Mississippi, the parties are completely diverse.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

VIII.

The amount in controversy "requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

IX.

Here, Plaintiffs claim that they are generally entitled to recover damages for injuries incurred as a result of this incident and allege that their damages were caused by the negligence of SEFL and/or Home Depot. Nowhere in the Complaint do Plaintiffs allege any specific injury or otherwise allege a specific quantum of damages. Instead, Mark Johnson vaguely alleges injuries to his upper back, head, neck, discs, ligaments, and spine. *See generally*, **Exhibit B**, Petition. Therefore, it is not apparent from the face of the petition that the claims exceed $75,000.

X..

Defendant SEFL filed its answer and propounded discovery to Plaintiffs on March 6, 2026. After failing to provide discovery responses for several months, Southeastern filed a motion to compel responses to that discovery on June 26, 2026.

XI.

On July 2, 2026, Plaintiffs provided Defendants with written discovery responses that listed damages for Nicole Johnson that included a $21,000 tub and the need for "24/7 care" that will cost in excess of $25.00 an hour. The caregiver costs, even if limited to 40 hours a week for a year would total $52,000. Additionally, medical records provided by Plaintiffs with the discovery revealed that Mark Johnson underwent a cervical ESI, two cervical medial branch blocks, and two

radiofrequency ablations. The bills for that treatment establish a minimum medical specials total of $17,558.00. The tub, caregiver costs, and medical specials of Mark Johnson alone place the amount in controversy well above $75,000. *See* **Exhibit C**, Plaintiff, Nicole Johnson's Responses to SEFL's Interrogatories and Request for Production of Documents at p. 6. and **Exhibit A**.

**THE INSTANT REMOVAL IS TIMELY**

XII.

Pursuant to 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." Here, Plaintiffs' discovery responses are other paper from which it may first be ascertained that the case is one which is removable.

XIII.

Plaintiffs provided Defendants with written discovery responses on July 2, 2026. Accordingly, this removal is being filed within 30 days of the receipt of other paper pursuant to 28 U.S.C. § 1446(b)(3).

**REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1446(c)(1)**

XIV.

Plaintiffs filed their Petition on May 15, 2025, and the court issued citations and service copies on June 4, 2025. Five months later Plaintiff filed a handwritten letter requesting citations and service copies on November 14, 2025. *see also* **Exhibit B**, Petition for Damages. Finally, on January 29, 2026—after 8 months and 14 days, Plaintiffs served Home Depot with their Petition for Damages. *See* **Exhibit E**, Home Depot's Proof of Service.

XV.

SEFL propounded discovery to Plaintiffs on March 6, 2026. On June 26, 2026, SEFL filed a motion to compel responses to that discovery and Plaintiffs thereafter provided responses on July 2, 2026. Plaintiffs' failure to serve Defendants for over eight months, failure to answer discovery until being compelled after the one-year deadline prevented removal within the one-year period filing. *See* **Exhibit A and Exhibit D.**

XVI.

Under 28 U.S.C. § 1446(c)(1), removal is improper if filed "more than 1 year after the commencement of the action, *unless* the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[1] In *Hatcher v. Amazon.com Sales Inc.*, the court found that failure to produce medical records from three months before the removal deadline, where a motion to compel was filed, constituted bad faith.[2] The Court specifically found that the plaintiff's failure to produce medical records that were dated three months before the one-year removal period constituted bad faith.[3] Here, Mark Johnson's medical records reflect treatment that occurred in March, May, and June of 2025—nearly a full year before the removal deadline. Nevertheless, those records were not produced to defense counsel until after a motion to compel had been filed, the same facts as those found in *Hatcher*. Accordingly, this Court should find that Plaintiffs' bad faith not only in failing to serve Defendants for 8 months, but also in withholding discovery responses and year-old medical records, which prevented removal by Defendants within the one-year period.

**THE EXERCISE OF THIS COURT'S JURISDICTION IS APPROPRIATE**

[1] 28 U.S.C. § 1446(c)(1) (*emphasis* added).
[2] *Hatcher v. Amazon.com Sales Inc.*, 2023 WL 4195882 at *4 (W.D. La. 6/9/23) (the court remanded for other procedural defects despite finding bad faith).
[3] *Id.*

XVII.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq*., because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XVIII.

In support of this removal, SEFL includes the following exhibits, made a part hereof, to demonstrate the establishment of the jurisdiction of this court:

| | |
|---|---|
| **Exhibit A** | Declaration of Counsel |
| **Exhibit B** | Plaintiffs' Petition for Damages |
| **Exhibit C** | Plaintiffs' Discovery Responses |
| **Exhibit D** | State Court Record |

XIX.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendant to date in state court are attached hereto, and made a part hereof:

**Exhibit D**

Petition for Damages
Citation to Home Depot
Citation to SEFL
Letter from Attorney Requesting Issuance of Service
Motion to Appoint Private Process Server
Second Citation to Home Depot
Second Citation to SEFL
Service Return on Home Depot
Service Return on SEFL
Home Depot's Answer, Affirmative Defenses, and Jury Demand
SEFL's Answer and Request for Trial by Jury
SEFL's Motion to Compel Discovery

XVII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served" have joined in the removal of this action. Although Plaintiffs

have named Alex Jones as a defendant, the state court denied Plaintiffs' Motion to Appoint Private Process Server for failure to pay fees. Plaintiffs did not refile, and as of this filing, Alex Jones has not been served. Defendant Home Depot expressly consents to the instant removal. Therefore, all served defendants have properly consented to this removal.

XX.

As noted above, SEFL was first placed on notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, on July 2, 2026, when Plaintiffs sent discovery responses and Medical Records. *See* **Exhibit A**, Declaration of Counsel.

XXI.

In compliance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within 30 days of receipt by the defendant of "other paper" that demonstrates the existence of federal court jurisdiction.

XXII.

Further, as noted above, the Court should excuse the removal beyond the one-year requirement in 28 U.S.C. § 1446(c)(1), because the Plaintiff acted in bad faith to prevent timely removal through delaying service for 8 months and failing to properly and timely respond to discovery.

XXIII.

In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana.

**WHEREFORE**, defendant, Southeastern Freight Lines, Inc., prays that this cause be

removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

*/s/ Louis P. Bonnaffons*
**LOUIS P. BONNAFFONS (#21488)**
**ROBERT L. BONNAFFONS (#18564)**
**WESLEY J. LEVESQUE (#31235)**
**MISHA M. LOGAN-JOHNSON (#36552)**
Leake Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: 504-585-7500 Fax: 504-585-7775
Email: lbonnaffons@leakeandersson.com
rbonnaffons@leakeandersson.com
wlevesque@leakeandersson.com
mlogan@leakeandersson.com
*Attorneys for Southeastern Freight Lines, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served upon counsel for all parties of this proceeding by hand, facsimile, electronic mail, or by mailing the same to each by First Class U.S. Mail, properly addressed and postage prepaid on this 31st day of July, 2026.

*/s/ Louis P. Bonnaffons*
**LOUIS P. BONNAFFONS**