**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1685** |
| **HOME DEPOT U.S.A., INC., ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court is Plaintiffs Mark and Nicole Johnson's motion[1] to remand their personal injury lawsuit, which Defendant Southeastern Freight Lines, Inc. removed from state court. No opposition was filed. Because the unopposed motion has merit—that is, because Plaintiffs timely identified procedural defects, which render removal defective—the motion is **GRANTED**.

## I. BACKGROUND

To renovate his residential property, Mark Johnson purchased from Home Depot U.S.A., Inc. 52 square yards of linoleum flooring, which Southeastern Freight delivered. This lawsuit arises from personal injuries Johnson alleges he sustained while assisting Southeastern Freight employee Alex Jones in carrying the linoleum flooring into the house.

On May 15, 2025, Mark and Nicole Johnson filed this lawsuit in Orleans Parish Civil District Court against Southeastern Freight Lines, Inc., Home Depot U.S.A., Inc., and Alex Jones.[2] On July 31, 2026, Southeastern Freight removed the lawsuit, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[3] Because

[1] ECF No. 6.
[2] ECF No. 1-2.
[3] ECF No. 1.

Plaintiffs' motion to remand challenges the mechanics and timing of removal, dates are pertinent background.

In the notice[4] of removal, Southeastern Freight alleges and its attorney declares[5] under penalty of perjury that Plaintiffs' state court petition was served on Home Depot on January 29, 2026.[6] Southeastern Freight alleges that it filed its answer and propounded discovery to Plaintiffs on March 6, 2026, but that Plaintiffs failed to respond to discovery, forcing it to file a motion to compel responses to discovery on June 26, 2026. Only on July 2, 2026, Southeastern Freight asserts in its notice, did Plaintiffs provide Defendants with written discovery responses, which revealed that the amount in controversy in Plaintiffs' lawsuit exceeds $75,000.[7] Because Southeastern Freight removed the case on July 31, 2026, within 30 days of receipt of discovery responses, it alleges that its removal is timely under 28 U.S.C. § 1446(b)(3).

Having failed to remove the case by May 15, 2026, within one year of its commencement, Southeastern Freight nevertheless alleges in its notice that it should be excused from § 1446(c)(1)'s ultimate one-year removal deadline due to "Plaintiffs' bad faith not only in failing to serve Defendants for 8 months, but also in withholding discovery responses and year-old medical records, which prevented removal by

---

4 *Id.*

5 ECF No. 1-1.

6 Southeastern Freight does not indicate when it was served with state court process.

7 According to the notice of removal, in those discovery responses Plaintiffs listed (then to-date) special medical expenses totaling over $17,000 for Mark and, as for Nicole, a $21,000 tub and the need for 24/7 care that will cost at least $25/hour. ECF No. 1 ¶ XI.

Defendants within the one-year period."[8] Finally, Southeastern Freight alleges that all properly joined and served defendants joined in removal in compliance with § 1446(b)(2), considering that Alex Jones has never been served and, according to Southeastern Freight, Home Depot "expressly consents to the instant removal."

Plaintiffs now move to remand, asserting two independent grounds: (1) there is no written statement in the record by Home Depot indicating that Home Depot consented to removal such that Southeastern Freight's removal flunks the rule of unanimity, in violation of the judicial gloss on 28 U.S.C. § 1446(2)(A); and/or (2) the case was removed more than one year after it was filed, without excuse, in violation of 28 U.S.C. § 1446(c)(1).

## II. LAW AND ANALYSIS

### A. Removal Generally

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). A defendant "may remove a civil action brought in state court to federal court if the action is within a federal court's original jurisdiction." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888 (5th Cir. 2024) (citing 28 U.S.C. § 1441(a)). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

[8] *Id.* ¶ XVI.

"Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation and citation omitted). The removing party bears the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012).

**B. Removal Procedure**

28 U.S.C. § 1446 governs removal procedure, setting forth various requirements such as timing, deadlines, notice, and consent. The removing defendant generally must file its notice of removal within 30 days of service. 28 U.S.C. § 1446(a)-(b)(1). In cases that are not initially removable, the 30-day period begins to run "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Johnsons' motion

to remand features two timely raised procedural defects: Removal (1) violated the "unanimity rule"; and (2) was late, as Defendant's notice was filed beyond the one-year removal bar.

**1. The Rule of Unanimity**

Where a removed case has multiple defendants, the rule of unanimity is triggered: "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).[9] This rule of unanimity requires that, within 30 days of service of the state court petition on a defendant, each served defendant must either sign the notice of removal, or "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 n.11, 12 (5th Cir. 1988); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp., Div. of Texaco. Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1998)) ("The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal.").

In the Fifth Circuit, a mere allegation by the removing defendant that its co-defendant consents to removal is insufficient to indicate unanimity or withstand a motion to remand. *See, e.g., Baker v. Amazon Logistics, Inc.*, No. 23-2078, 2023 WL

---

[9] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

4759511, at *3 (E.D. La. July 26, 2023) (Ashe, J.) (citing *McFarland v. Protective Ins. Co.*, No. 18-6789, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019) (citing *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases)); *see also Alford v. Chevron U.S.A., Inc.*, No. 13-5457, 2014 WL 37600, at *2 (E.D. La. Jan. 6, 2014) (Vance, J.) (observing that the Fifth Circuit's longstanding requirement of "written consent" by the non-removing defendant(s) is neither inconsistent with nor displaced by the 2011 statutory amendments codifying the rule of unanimity and the last-served defendant rule).[10] Accordingly, if when the 30-day removal period expires, written consent on the part of all properly served defendants is lacking, the notice of removal is rendered procedurally defective and the case must be remanded.

Here, Southeastern Freight removed the case. Neither Alex Jones nor Home Depot signed the notice of removal. Because it is undisputed that named defendant Alex Jones is not a "properly joined and served defendant" for the purposes of the rule of unanimity, his consent is not needed to satisfy the rule of unanimity.[11] Only properly joined and served co-defendant Home Depot's written consent must have been timely indicated in the record in order to satisfy the rule of unanimity. Southeastern Freight merely asserts in its notice signed by its attorney, that

[10] *See Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1186-87 (8th Cir. 2015) (observing that the codified unanimity rule fails to clarify what form consent must take, resulting in a circuit split on the issue, with the Fifth and Seventh Circuits suggesting that a defendant may not give notice of consent on another defendant's behalf).

[11] In the notice, it is alleged that Alex Jones is not properly joined and remains unserved. Plaintiffs do not dispute that his lack of consent has any bearing. It appears that Southeastern Freight concedes that Home Depot is a previously served and properly joined defendant whose consent is necessary for removal to be procedurally proper.

"Defendant Home Depot expressly consents to the instant removal." This falls short of satisfying *Getty Oil*, the Fifth Circuit's written indication of consent requirement for the rule of unanimity.

Absent from the record is any written consent by Home Depot. Nor is there any indication that Southeastern Freight's counsel had Home Depot's authority to formally act on Home Depot's behalf when it alleged that Home Depot consents to removal.[12] There is no attempt by either served defendant to demonstrate that Southeastern Freight's form or indication of consent on behalf of Home Depot satisfies the rule of unanimity as applied in this Circuit. To the contrary, the removing defendant's mere allegation that its co-defendant consents to removal renders the removal procedurally defective. Southeastern Freight has failed to carry its burden to show that it satisfies the rule of unanimity; it does not withstand Plaintiffs' motion to remand.

Failure to satisfy the rule of unanimity is one procedural defect (which was not remedied before the 30-day period for removal ended), warranting remand. Though one procedural defect suffices to warrant remand, there is a second defect.

---

[12] In the interest of completeness, the Court observes that more than 30 days after removal and 11 days after Plaintiffs moved to remand, a motion to substitute attorneys was filed. ECF No. 7. As granted on September 14, 2026, Home Depot's prior counsel withdrew from the representation of Home Depot and counsel for Southeastern Freight was substituted for and as counsel for Home Depot. ECF No. 8. At the relevant times—the time period preceding removal, removal, and when the motion to remand was filed on August 30, 2026, Home Depot was represented by its own, separate counsel. Because no opposition to Plaintiffs' motion to remand was filed and no written indication of consent to removal by Home Depot's then-separate counsel was filed within the removal window, the Court will not speculate as to any now-forfeited arguments that might have been advanced by counsel for Home Depot and Southeastern Freight concerning form of, or authorization for, consent to removal.

### 2. The One-Year Bar for Diversity-Jurisdiction-Based Removal

"[T]he defendant in a diversity case has one year following the commencement of an action to remove it." *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 292 (5th Cir. 2019) (citing 28 U.S.C. § 1446(c)). The single "exception to this time bar" is where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* A plaintiff's bad faith can be evidenced by his "deliberate[ ] fail[ure] to disclose the actual amount in controversy to prevent removal." 28 U.S.C. § 1446(c)(1)(B). "Ultimately, the burden of showing that plaintiff[ ] acted in bad faith to prevent removal lies with the removing defendant." *Jones v. Ramos Trinidad*, 380 F. Supp. 3d 516, 521 (E.D. La. 2019) (Brown, J.) (citations omitted).

Plaintiffs move to remand because removal was effected after the one-year bar: Plaintiffs filed their lawsuit on May 15, 2025 but Southeastern Freight did not remove it until July 31, 2026, more than two months beyond the one-year removal bar. In its notice of removal, Southeastern Freight alleges that Plaintiffs acted in bad faith to prevent timely removal. Having failed to respond to the motion to remand, however, Southeastern Freight fails to carry its burden sufficient for this Court to find that Plaintiffs acted in bad faith to prevent removal.

Southeastern Freight's allegations regarding bad faith fail to contend with Plaintiffs' arguments advanced in their motion to remand. For their part, Plaintiffs indicate that they encountered issues with service by the sheriff during the service timeframe, including a ransomware cyberattack that shut down the Orleans Parish

Sheriff's Office. Furthermore, Plaintiffs contend that Southeastern Freight's removal notice indicates that the defendants hardly acted expeditiously once served insofar as they failed to propound discovery until March 6, 2026—70 days before the one-year deadline—and waited to move to compel until June 26, 2026, 42 days after the one-year deadline. Without more, Southeastern Freight fails to meet its burden of establishing that removal was proper and that Plaintiffs acted in bad faith to prevent it.

## III. CONCLUSION

In removing the Johnsons' lawsuit, Southeastern Freight failed to comply with the rule of unanimity and effected removal after the one-year deadline, without establishing that Plaintiffs acted in bad faith to prevent timely removal. For either of these independent reasons, removal was procedurally defective. Accordingly, mindful that "any doubt as to the propriety of removal should be resolved in favor of remand," *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted),

**IT IS ORDERED** that Plaintiffs' unopposed motion[13] to remand is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 19th day of October, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[13] ECF No. 6.